IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**BERNARD DOUGLAS,**
**No. 13373-026**

**Petitioner,**

    vs.                                         Case No. 14-cv-00049-DRH

**JAMES N. CROSS,**

**Respondent.**

## MEMORANDUM AND ORDER

**HERNDON, Chief District Judge:**

    Petitioner Bernard Douglas is currently incarcerated in the Federal Correctional Institution at Greenville, Illinois, serving a 240-month sentence based on a drug charge. On January 14, 2014, petitioner filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241. Douglas argues that his First Amendment right to access the courts was denied when his petition under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence was denied without an evidentiary hearing. *See Douglas v. United States*, No. 10-CV-1319-MMM (C.D. Ill. May 6, 2011). He seeks reinstatement and/or reconsideration of his Section 2255 motion, complete with an evidentiary hearing as prescribed in Section 2255(b). Douglas does not otherwise attack his conviction, sentence, or the duration of his confinement.

    This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States

District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases, such as this action under 28 U.S.C. § 2241.

### Procedural History

In 2008, Bernard Douglas pleaded guilty to conspiring to distribute cocaine and cocaine base in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A). *See United States v. Douglas*, No. 07-CR-10080-MMM-JAG-3 (C.D. Ill. June 30, 2008). Douglas was sentenced to a 240-month term of imprisonment, which was the statutory mandatory minimum sentence. On direct appeal, Douglas unsuccessfully challenged a two-point upward adjustment to his sentencing calculation under U.S.S.G § 3B1.1(c) for his leadership role, and a two point upward adjustment under U.S.S.G. § 3C1.1 for obstruction of justice. *See United States v. Douglas*, 569 F.3d 635, 637 (7th Cir. 2009). Douglas's petition for writ of certiorari to the United States Supreme Court was denied on October 13, 2009. *Douglas v. United States*, 558 U.S. 962 (2009).

In October 2010, Douglas filed a motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence, arguing counsel had been ineffective by (1) failing to challenge the government's use of his prior felony drug conviction under Federal Rule of Criminal Procedure 32 and Federal Rules of Evidence 404(b),

802, 803(8), and 902(4); (2) failing to properly challenge the upward adjustment under U.S.S.G. § 3B1.1(c) for his leadership role; and (3) failing to properly challenge the adjustment under U.S.S.G. § 3C1.1 for obstruction of justice. The section 2255 motion was denied without an evidentiary hearing, based on the motion, the government's response and Douglas's reply—which included transcripts and records cited by the district court in its order. *See Douglas*, No. 10-CV-1319-MMM, Doc. 11 (C.D. Ill. May 6, 2011).

As later summarized by the district court:

> The Court found that Douglas' first claim of ineffective assistance of counsel failed under the first prong of *Strickland v. Washington*, 466 U.S. 668 (1984), and so he could not succeed on that first claim. The Court further concluded that it could not find Douglas' counsel's performance was deficient as to his second and third claims of ineffective assistance of counsel, and Douglas could not establish that he was prejudiced by his counsel's alleged deficiency as to those two claims.

*Douglas*, No. 10-CV-1319-MMM, Doc. 20.[1]

The Court of Appeals for the Seventh Circuit denied Douglas a certificate of appealability, finding that his Section 2255 motion had failed to make a substantial showing of the denial of a constitutional right. *See Douglas v. United States*, No. 12-2453 (7th Cir. Dec. 18, 2012). Douglas subsequently filed numerous motions in the district court trying to resurrect his Section 2255 motion, eventually resulting in him being sanctioned—the district court denied

---

[1] An ineffective assistance of counsel claim requires: (1) the attorney's performance must have been deficient; and (2) the deficiency must have prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

further appeal in September 2013. *See Douglas*, No. 10-CV-1319-MMM, Docs. 67, 71.

Douglas has now filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 attacking the denial of his Section 2255 petition without affording him a hearing.

## Analysis

### Section 2241 as an Avenue for Relief

As a general matter, "28 U.S.C. § 2241 and 28 U.S.C. § 2255 provide federal prisoners with distinct forms of collateral relief. Section 2255 applies to challenges to the validity of convictions and sentences, whereas [Section] 2241 applies to challenges to the fact or duration of confinement. *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012) (citing *Walker v. O'Brien*, 216 F.3d 626, 629 (7th Cir. 2000). *See also Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998).

Douglas does not attack the duration of his confinement, *per se*. Therefore, Section 2241 does not readily appear to be the appropriate avenue for relief. In effect, Douglas is attempting to use this court to allow him to present a successive, redundant Section 2255 petition attacking his conviction and sentence, skirting the requirements for bringing a successive petition (*see* Section 2255(h), (e)), and ignoring the Seventh Circuit's denial of a certificate of appealability.

Normally, this Section 2241 would be dismissed out of hand. However, in *Gray-Bey v. United States*, 209 F.3d 986, 990 (7th Cir. 2000), the Seventh Circuit

cautioned: "a district court presented with a petition for a writ of habeas corpus under [Section] 2241 should analyze that petition on its own terms, without assuming that whatever cannot proceed under [Section] 2255 also cannot proceed under [Section] 2241." In addition, in *Alaimalo v. United States*, 645 F.3d 1042 (9th Cir. 2011), the Court of Appeals for the Ninth Circuit reasoned that, under the gateway offered in Section 2255(e), Section 2241 can be utilized where a petition purportedly brought under Section 2241 is merely a "disguised" Section 2255 motion, and the petitioner has not secured a certificate of appealability (which is the scenario Douglas presents), *if* the petitioner claims actual innocence *and* "'has not had an unobstructed procedural shot at presenting that claim.' " *Id*. at 1047 (quoting *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006)).

Douglas seems to be arguing that he did not have an unobstructed opportunity to argue his Section 2255 petition. Therefore, the Court will provide what is probably far more analysis than this petition warrants.

**The Merits of the Section 2241 Petition**

As mentioned above, a federally convicted person may challenge his conviction and sentence by bringing a motion pursuant to 28 U.S.C. § 2255 in the court which sentenced him, as petitioner Douglas has demonstrated. Indeed, a Section 2255 motion is ordinarily the "exclusive means for a federal prisoner to attack his conviction." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). The statute generally limits a prisoner to *one* challenge of his conviction and sentence under Section 2255. A prisoner may not file a "second or successive" motion

unless a panel of the appropriate court of appeals certifies that such motion contains either (1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). Douglas was denied a certificate of appealability—thus explaining why his efforts to date have failed.

Like the Ninth Circuit, the Seventh Circuit (in which this district court is located) has recognized that it is possible, under very limited circumstances, for a prisoner to challenge his federal conviction or sentence under Section 2241. 28 U.S.C. § 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a Section 2241 petition where the remedy under Section 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). *See United States v. Prevatte,* 300 F.3d 792, 798–99 (7th Cir. 2002). "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *In re Davenport,* 147 F.3d 605, 611 (7th Cir. 1998)

The Seventh Circuit has explained that, in order to fit within the savings clause following *Davenport,* a petitioner must meet three conditions. First, he must show that he relies on a new statutory interpretation case rather than a

constitutional case. Secondly, he must show that he relies on a decision that he could not have invoked in his first Section 2255 motion *and* that case must apply retroactively. Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway,* 719 F.3d 583, 586 (7th Cir. 2013). *See also Brown v. Rios,* 696 F3d 638, 640 (7th Cir. 2012).

Petitioner Douglas does not rely on a new statutory interpretation case; he does not even rely upon a new constitutional case. Douglas also fails to assert that there was a fundamental defect in his conviction and sentence, although that is certainly his ultimate goal. Douglas only argues—at most—that Section 2255 has proved to be an ineffective remedy because he was denied a hearing.

"A [Section] 2255 petitioner is entitled to an evidentiary hearing on his claim where he alleges facts that, if true, would entitle him to relief. A hearing, though, is not required when 'the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Lafuente v. United States*, 617 F.3d 944, 946 (7th Cir. 2010) (quoting 28 U.S.C. § 2255(b)) (other internal citations omitted). The district court's detailed order denying Douglas's Section 2255 motion quotes and otherwise cites multiple records relied upon (*see* Doc. 11, pp. 2-6 in re prior conviction, and pp. 6-10 in re adjustments). The district court's decision rests entirely upon analysis of the legal arguments raised in or by the parties' briefs, and the documentary record; therefore there was no need for an evidentiary hearing. Petitioner does not take issue with the district court's

decision. Rather, he relies entirely upon the assertion that he *must* be afforded a hearing under the First Amendment. Therefore, Douglas's Section 2241 petition fails on its merits.

**IT IS HEREBY ORDERED** that, for the reasons stated, the petition is **DISMISSED** on the merits, with prejudice. The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

If petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. FED.R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues petitioner plans to present on appeal. See FED.R. APP. P. 24(a)(1)(C). If petitioner does choose to appeal and is allowed to proceed IFP, he will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725–26 (7th Cir. 2008). A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30–day appeal deadline. It is not necessary for petitioner to obtain a certificate of appealability. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir.2000).

**IT IS SO ORDERED.**

**Signed this 4th day of February, 2014.**

Digitally signed by David R. Herndon
Date: 2014.02.04 15:17:18 -06'00'

**Chief Judge**
**United States District Court**